1818.

Benson
vs'
Anderson

The cause was argued before BUCHANAN, JOHNSON, MARTIN, and DORSEY, J.

*Chambers*, for the Appellant. If the words, as laid in any one count in the declaration, are defective, the verdict being general, judgment must be arrested. To sustain an action of slander, either particular damages must be stated, or the words charged must impute some crime. 4 *Bac. Ab.* 483. The words charged in the declaration should be such, as judgment could be rendered upon, if stated in an indictment; and as the words in question are not those used in the act of 1809, *ch.* 138, *s.* 6, no judgment ought to have been rendered. *Holt vs. Astrigg*, *Cro. Jac.* 184. *Holt vs Scholefield*, 6 *T. R.* 691. *Reese vs Linder*, 3 *Bos. & Pull.* 372. *Barton vs. Bell*, *Cro. Jac.* 331; and *Barham's* Case, 4 *Coke*, 20.

*J. E. Barroll*, for the Appellee. To show that the words were actionable of themselves, he referred to *Finch's Law*, 186. *Onslow vs. Horne*, 3 *Wils.* 186. 2 *M'Nally*, 576; and 2 *Esp. Dig.* 81, (497.)

JUDGMENT AFFIRMED.

---

## BENSON VS. ANDERSON.

JUNE.

APPEAL from *Montgomery* County Court. Trespass for entering the close of the plaintiff, (now appellee,) and carrying away negroes, &c. The defendant, (the appellant,) pleaded the general issue, with leave to give the special matter in evidence.

At the trial the defendant gave in evidence, that he by his agent, the witness, took the property stated in the declaration, he the witness alleging, at the time of taking it, that he took the same as a distress for a certain sum for rent due the defendant by the plaintiff; that he stated to the plaintiff the amount of rent alleged to be due from him to the defendant, and told him that he was going to take the negroes as a distress for the said rent, the negroes being then on the said premises of the defendant, then in the occupation of the plaintiff. That the plaintiff made no objection to the sum so stated to be due for rent, nor did he take other property instead of the negroes, which was refused.—*Held*, that the evidence was not sufficient to prove that any rent was due, for which a distress could be made, though it would be sufficient to shew that rent was due by the plaintiff

*Margin note:* In trespass for entering the close of P, and carrying away negroes, &c. the evidence was, that D took the property, alleging that he took it as a distress for a certain sum for rent due to him from P, and he stated to P the amount of the rent alleged to be due to him; that he was going to take the negroes as a distress for the said rent,—the negroes being on the premises of D, then in the occupation of P, who made no objection to the sum stated to be due for rent, but made no acknowledgment that he did or did not owe any rent, but requested D to

deny that he owed rent, but requested him (the witness,) to take other property instead of the negroes, which was refused. The witness at the same time stated that the plaintiff made no acknowledgment that he did or did not owe any rent, and said nothing more than what is here stated on the subject. The plaintiff then prayed the court to direct the jury, that the evidence so offered by the defendant, that the plaintiff did not deny, upon the taking of the negroes, that any rent was due, is not sufficient evidence to prove *that any rent was due. and to support the* issue on the part of the defendant. *This instruction the* Court [*Ridgely*, A. J.] gave. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, EARLE, JOHNSON, MARTIN, and DORSEY, J.

*Magruder*, for the Appellant, contended, that if the evidence was admissible to any extent, though it was not sufficient of itself to entitle the *defendant* to a *verdict, the* court erred in rejecting it.

*Taney*, for the Appellee. A sufficient justification for the taking is not stated in the bill of exceptions. 1. If it were necessary to plead a justification in a case like this, it would be necessary to show a holding as tenant at a certain rent payable at a certain time. The evidence, under the plea of not guilty, with leave to give the special matter in evidence, must be equally particular. It must show the right to take. 2. There is no proof on the part of the defendant. The plaintiff made no admission; and there was no other legal testimony to show that any rent was due. 3. It did not appear that the plaintiff ever held at any time, as tenant to the defendant.

THE COURT were of opinion, that the acknowledgment of the plaintiff, to be implied from the evidence, was not sufficient to support the issue. That it would have been sufficient to prove that rent was due, but not to prove that it was a rent for which a distress could be made. That therefore the judge below correctly decided that the *testimony did not support the issue* on the part of the defendant.

JUDGMENT AFFIRMED.